UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDVARD YERANOSYAN,<br><br>              Petitioner,<br><br>      v.<br><br>JAMES JANECKA, *et al.*,<br><br>              Respondents. | Case No. 5:26-cv-01206-CV (ADSx)<br><br>**ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER**<br>**[1]** |

Petitioner Edvard Yeranosyan ("Petitioner") is a noncitizen who was detained by U.S. Immigration and Customs Enforcement ("ICE") officers during a routine check-in. Petitioner has since remained in detention. Presently before the Court is Petitioner's request for a temporary restraining order ("TRO").

On March 16, 2026, Petitioner filed a Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") and Emergency Motion for Temporary Restraining Order ("Motion") against Respondents James Janecka, Warden of the Adelanto ICE Processing Center, Tae D. Johnson, Acting Director of ICE, Kristi Noem, Secretary of the United States Department of Homeland Security, and Pamela Jo Bondi, Attorney General of the United States (collectively, "Respondents"). Doc. # 1 ("Pet."). Petitioner seeks a TRO that: (1) orders Petitioner immediately released under reasonable

1

conditions of supervision; (2) orders Respondents to provide Petitioner with a prompt, individualized bond hearing before a neutral decisionmaker; and (3) prohibits Respondents from continuing Petitioner's detention during the pendency of this habeas proceeding absent procedural safeguards required by the Fifth amendment, including an individualized custody determination before a neutral decisionmaker. Pet. at Request for Relief.

On March 19, 2026, Respondents filed a Notice of Non-Opposition, explaining that they are "not submitting an opposition to the TRO application." Doc. # 7 at 2.

The Court finds that oral argument is not necessary to resolve the present dispute. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15; *Willis v. Pac. Mar. Ass'n*, 244 F.3d 675, 684 n.2 (9th Cir. 2001). Having reviewed and considered the parties' briefing, the Court **GRANTS** the Motion.

## I.    BACKGROUND

Petitioner is a native and citizen of Armenia. Pet. ¶ 15. He currently resides in Southern California. *Id.* Petitioner, his wife, and his daughter are respondents in removal proceedings and have pending asylum applications before an immigration court. *Id.*

Petitioner was detained[1] by ICE officers during a routine check-in.[2] *Id.* ¶ 16. In detaining Petitioner, ICE relied on a single criminal charge brought in the Los Angeles County Superior Court. *Id.* ¶ 17. On March 6, 2026, the charge against Petitioner was dropped. *Id.* ¶ 18. Petitioner has not been convicted of any crime and currently has no pending criminal charges against him. *Id.*

Petitioner is currently suffering unspecified mental and physical health conditions as a result of his detention. *Id.* ¶ 21. He is currently dependent on prescribed medication and requires full medical care. *Id.*

---

[1] Petitioner does not specify the date he was detained.

[2] The Petition does not state whether Petitioner had previously been detained and released on parole or an order of recognizance. However, the fact that Petitioner has had removal proceedings initiated against him and has been attending check-ins with immigration officials suggests that he was previously detained and released subject to certain conditions, including attending periodic check-ins with ICE.

## II.    <u>LEGAL STANDARD</u>

The standards for issuing a TRO and preliminary injunction under Federal Rule of Civil Procedure 65 are the same. *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020); *see also Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a TRO and preliminary injunction involve "substantially identical" analysis). Like a preliminary injunction, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Under *Winter*, a plaintiff seeking a TRO must establish four elements: (1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm absent preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction. *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014) (citing *Winter*, 555 U.S. at 20). Courts in this circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the *Winter* standard," *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021), in which the *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, a TRO may be warranted where there are "'serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff," so long as the other *Winter* elements are also met. *Id.* at 1132.

## III.    <u>DISCUSSION</u>

Petitioner argues he is entitled to immediate release from custody. Because Respondents have not opposed the Motion, and because this Court has previously found that a TRO is warranted under similar circumstances (*see, e.g.*, *Sotomayor v. Bondi*, No. 5:25-cv-02939-CV (SSC) (C.D. Cal. Nov. 14, 2025) (Doc. # 10)), the Court finds that the issuance of a TRO is proper. Specifically, the Court will grant Petitioner's request that he be immediately released and enjoin Respondents from re-detaining him absent a pre-

deprivation bond hearing before a neutral arbiter. The Court will also order Respondents not to transfer Petitioner outside of the Central District of California pending final resolution of this case or further order of the Court, unless executing a final removal order.

Furthermore, the security bond requirement of Federal Rule of Civil Procedure 65(c) is waived. The Court has "discretion as to the amount of security required, if any," and it "may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003).

**IV.    CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Petitioner's Motion and **ORDERS** as follows:

1.    Respondents are ordered to immediately release Petitioner from custody.

2.    Respondents must file with the Court a Notice of Compliance within twenty-four (24) hours of releasing Petitioner.

3.    Respondents may not re-detain Petitioner without providing him with, at minimum, individualized notice describing the change in circumstances necessitating his arrest and detention, and a pre-deprivation bond hearing before an immigration judge. Petitioner may not be detained unless Respondents demonstrate at such a pre-deprivation bond hearing, by clear and convincing evidence, that Petitioner is a flight risk or a danger to the community, and that there are no conditions that will reasonably assure Petitioner's appearance and the safety of any other person in the community.

4.    To preserve the Court's jurisdiction, Respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case or further order of the Court, unless executing a final order of removal issued against Petitioner.

5.    This temporary restraining order shall take immediate effect and expires at 5:00 p.m. PT on April 3, 2026. The temporary restraining order may be extended for good cause or upon Respondents' consent.

6.     Respondents are ordered to show cause why a preliminary injunction should not issue. *See* C.D. Cal. L. R. 65-1. Respondents must file any written response to the Order to Show Cause no later than March 29, 2026. Failure to file a response by this deadline shall be deemed as consent to the granting of a Preliminary Injunction. Petitioner shall file a reply no later than April 1, 2026.

**IT IS SO ORDERED**.

Dated:  3/20/26

*Cynthia Valenzuela*
HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE