UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDVARD YERANOSYAN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JAMES JANECKA, *et al.*,<br><br>　　　　　Respondents. | Case No. 5:26-cv-01206-CV (ADSx)<br><br>**ORDER ISSUING PRELIMINARY INJUNCTION PURSUANT TO ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION [9]** |

On March 20, 2026, the Court issued an order granting Petitioner's request for a temporary restraining order, which required Petitioner's immediate release from detention and enjoined Respondents from re-detaining him without notice and a pre-detention hearing. Doc. # 9 ("TRO") at 4.[1] The TRO also ordered Respondents to show cause why a preliminary injunction should not issue by March 29, 2026 ("OSC") and required Petitioner to file a reply brief by April 1, 2026. *Id.* at 5.

---

[1] All record citations reflect CM/ECF pagination.

1

On March 27, 2026, Respondents filed a response to the OSC. Doc. # 11 ("Response"). Petitioner did not reply.[2] Having reviewed and considered the briefing, the Court finds that oral argument is not necessary to resolve the OSC, s*ee* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15; *Willis v. Pac. Mar. Ass'n*, 244 F.3d 675, 684 n.2 (9th Cir. 2001), and concludes as follows.

I.      **<u>BACKGROUND</u>**

On March 16, 2016, Petitioner Edvard Yeranosyan ("Petitioner") filed a Verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 against Respondents James Janecka, Warden of the Adelanto ICE Processing Center; Tae D. Johnson, Acting Director of ICE; Markwayne Mullin, Secretary of the United States Department of Homeland Security; and Todd Blanche, acting Attorney General of the United States (collectively, "Respondents").[3] Doc. # 1 ("Pet."). Through his Petition, Petitioner requests the Court (1) order Petitioner's immediate release from detention under reasonable conditions of supervision, (2) order Respondents to provide Petitioner with a prompt, individualized bond hearing before a neutral decisionmaker, and (3) prohibit Respondents from continuing Petitioner's detention during the pendency of this habeas corpus proceeding absent procedural safeguards required by the Fifth Amendment, including an individualized custody determination before a neutral decisionmaker. *Id.* at Request for Relief.

On March 20, 2026, the Court issued the TRO, ordering:

1.      Respondents are ordered to immediately release Petitioner from custody.

---

[2] On March 20, 2026, the Court ordered Petitioner to file a reply no later than April 1, 2026. TRO at 5 ("Petitioner *shall* file a reply no later than April 1, 2026) (emphasis added). The Court admonishes Petitioner's counsel for failure to follow this order. The Court expects strict compliance with its orders in the future or appropriate sanctions may be imposed.

[3] The Court substitutes Kristi Noem with Markwayne Mullin as the current Secretary of the United States Department of Homeland Security and Pamela Jo Bondi with Todd Blanche as the acting Attorney General of the United States. Fed. R. Civ. P. 25(d).

2.      Respondents must file with the Court a Notice of Compliance within twenty-four (24) hours of releasing Petitioner.

3.      Respondents may not re-detain Petitioner without providing him with, at minimum, individualized notice describing the change in circumstances necessitating his arrest and detention, and a pre-deprivation bond hearing before an immigration judge. Petitioner may not be detained unless Respondents demonstrate at such a pre-deprivation bond hearing, by clear and convincing evidence, that Petitioner is a flight risk or a danger to the community, and that there are no conditions that will reasonably assure Petitioner's appearance and the safety of any other person in the community.

4.      To preserve the Court's jurisdiction, Respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case or further order of the Court, unless executing a final order of removal issued against Petitioner.

5.      This temporary restraining order shall take immediate effect and expires at 5:00 p.m. PT on April 3, 2026. The temporary restraining order may be extended for good cause or upon Respondents' consent.

6.      Respondents are ordered to show cause why a preliminary injunction should not issue. *See* C.D. Cal. L. R. 65-1. Respondents must file any written response to the Order to Show Cause no later than March 29, 2026. Failure to file a response by this deadline shall be deemed as consent to the granting of a Preliminary Injunction. Petitioner shall file a reply no later than April 1, 2026.

TRO at 4–5.

The Court has previously recounted the factual background in this case in the TRO which is incorporated here by reference. TRO at 2.

## II.    LEGAL STANDARD

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def.*

3

*Council, Inc.*, 555 U.S. 7, 22 (2008). Under *Winter*, a plaintiff seeking a preliminary injunction must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014) (citing *Winter*, 555 U.S. at 20). Courts in this circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the *Winter* standard," *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021), in which the four *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, a preliminary injunction may be warranted where there are "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff," so long as the other *Winter* factors are also met. *Id.* at 1132.

## III.   **DISCUSSION**

In response to the OSC, Respondents argue they released Petitioner from custody and consequently complied with the TRO. Response at 2. Respondents make no arguments as to the merits of the Preliminary Injunction. Rather, they argue Petitioner's case is moot because he has been released from detention. *Id.*

The Supreme Court has set a "stringent" standard for determining whether a case becomes moot due to a defendant's voluntary cessation of challenged conduct. *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968)). A case is moot only when "subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* The party asserting mootness bears a "heavy burden" to make that showing. *Id.*

The Ninth Circuit has deemed habeas petitions moot where the government's actions fully and permanently resolve the petitioner's claim. *See, e.g.*, *Panosyan v. Mayorkas*, 854 F. App'x 787, 788 (9th Cir. 2021) (finding habeas petition moot where petitioner's bond

4

release became final after ICE declined to appeal); *Valdez v. Benov*, 715 F. App'x 611, 614 (9th Cir. 2017) (same where petitioner's good time credits were restored). The Ninth Circuit has also found mootness when the government grants the habeas petitioner's requested relief and provides sworn assurances that the challenged conduct would not recur. *See, e.g.*, *Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (finding habeas petition moot after the petitioner's release, supported by a government declaration guaranteeing parole absent changed circumstances); *De Gomez v. Baker*, 606 F. App'x 409 (9th Cir. 2015) (same where release was accompanied by sworn assurances that re-detention would not occur without a bond hearing).

Here, Respondents have complied with the TRO, and Petitioner is not presently in ICE custody. Respondents have not, however, met their "heavy burden" to demonstrate mootness. They have provided no assurance—sworn or otherwise—that Petitioner will not be re-detained unlawfully upon the expiration of the TRO. Nor have they pointed to anything in the record showing that it is "absolutely clear" that the challenged conduct is not likely to recur. If anything, the record suggests that Petitioner's re-detention is not purely speculative given his previous detention during a routine ICE check-in. *See* Pet. ¶¶ 16–19.

Respondents point to a recent case in this district where a petitioner's request for a preliminary injunction was denied because the court found the petitioner failed to present sufficient allegations or evidence of an injury or threat of an injury. Response at 2–3 (citing *J.P. v. Santacruz*, No. 8:25-cv-01640-FWS-JC, 2025 WL 2998305, at *4 (C.D. Cal. Oct. 24, 2025). In *J.P.*, ICE added in-person check-ins to the petitioner's supervision requirements following a traffic stop where police allegedly injured him, took him to jail, and released him without charges. *J.P.*, 2025 WL 2998305, at *1–2. The petitioner— fearing detention at his upcoming check-in—sought, and received, a TRO to prevent his arrest unless and until he was provided with notice and a hearing before a neutral adjudicator. *Id.* at *2. Ultimately, the petitioner was not re-arrested at his initial check-in or at a following check-in after the TRO had expired. *Id.* at *4. The *J.P.* court consequently

found it lacked subject matter jurisdiction over the application because the events giving rise to it had passed without injury and the "alleged threat of future injury was too speculative and unripe." *Id.*

Here, however, Respondent's re-detention, absent a preliminary injunction, is not purely speculative because he was detained during a routine check-in, and Respondents have set forth no facts to show his re-detention could not reasonably be expected to recur. Accordingly, the Court will not deny a preliminary injunction on mootness grounds.

## IV.   CONCLUSION

For the foregoing reasons, the Court issues a Preliminary Injunction and **ORDERS** as follows:

1.     For the pendency of this lawsuit, Respondents may not re-detain Petitioner without providing him with, at minimum, individualized notice describing the change in circumstances necessitating his arrest and detention, and a pre-deprivation bond hearing before an immigration judge. Petitioner may not be detained unless Respondents demonstrate at such a pre-deprivation bond hearing, by clear and convincing evidence, that Petitioner is a flight risk or a danger to the community, and that there are no conditions that will reasonably assure Petitioner's appearance and the safety of any other person in the community.

2.     For the pendency of this lawsuit, to preserve the Court's jurisdiction, Respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case or further order of the Court, unless executing a final order of removal issued against Petitioner

**IT IS SO ORDERED**.

Dated: April 3, 2026

*Cynthia Valenzuela*
HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE

6